**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| **AUTOPARTSOURCE LLC,** )  | |
| )  | |
| **Plaintiff,** )  | |
| )  | |
| **v.** )  | **Civ. A. No. 3:13CV054** |
| )  | |
| **STEPHEN C. BRUTON** )  | |
| )  | |
| **and** )  | |
| )  | |
| **BBH SOURCE GROUP LLC,** )  | |
| )  | |
| **Defendants.** )  | |
| ) | |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL**

Plaintiff AutoPartSource LLC ("APS"), by counsel and pursuant to Federal Rule of

Civil Procedure 26(c) and Local Civil Rule 5, submits this Memorandum in Support of its

Motion to File Documents Under Seal.

**FACTUAL BACKGROUND**

On May 23, 2013, APS filed a Motion for Default Judgment, seeking default judgment

against Defendant BBH Source Group, LLC to include an award of specified compensatory

damages, punitive damages, attorneys' fees and costs, as well as injunctive relief.  On June 10,

2013, the Court ordered APS to supplement its evidence in support of attorneys' fees with

additional documentation.  In accordance with the Court's Order, APS will file its Supplemental

Memorandum in Support for Entry of Default Judgment against Defendant BBH Source Group

LLC and attach additional exhibits and documents in support of its attorney's fees and costs.

However, a certain exhibit to its Supplemental Memorandum contains commercially sensitive

and privileged information which should be protected from public disclosure.  Specifically, APS

seeks a Court Order allowing Exhibit 1 (Declaration of Robyn Suzanne Gray and its

attachments) to be filed under seal.

### ARGUMENT

In *Ashcraft et al. v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), the Fourth Circuit set

forth the procedures for sealing documents.  *Id.* at 302; *see also Stone v. Univ. of Maryland*, 855

F.2d 178 (4th Cir. 1988); *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984).  According

to the *Ashcraft* court, before a district court may seal court documents it must:

(1) Give public notice of the request to seal and allow interested parties a reasonable

opportunity to object;

(2) Consider less drastic alternatives to sealing the documents; and

(3) Provide specific reasons and factual findings supporting its decision to seal the

documents and for rejecting the alternatives.

*Ashcraft*, 218 F.3d at 302; *see also* Local Civil Rule 5.  Overall, a "trial court has supervisory

power over its own records and may, in its discretion, seal documents if the public's right of

access is outweighed by competing interests."  *In re Knight*, 743 F.3d at 235.  As presented in

more detail below, sealing Exhibit 1 is appropriate in this case.

### A.    Public Notice Is Provided

Entry of the Notice of Presentation of Sealing Order by the Clerk onto the Court's docket

will notify members of the public of the fact that the Court will be considering the permissibility

of sealing certain exhibits to APS's Supplemental Memorandum, and will provide sufficient time

for objection.  *See In re Knight*, 743 F.2d at 235 (stating that "public was entitled to notice of

counsel's request to seal, and an opportunity to object to the request before the court made its

decision"). Any hearing, if necessary, will occur after the filing of this pleading, and after the filing of the Notice of Presentation of Sealing Order, so that members of the public have sufficient time to note any objections that they might have to the motion.

**B.      There Are No Less Drastic Alternatives**

APS seeks the "less drastic" alternative by asking the Court to seal only Exhibit 1 in its entirety. The publicly filed version of Exhibit 1 redacts only the bare minimum amount of information necessary to protect APS's interests. Moreover, the Supplemental Memorandum and Exhibit 2 summarize and explain the contents of the sealed Exhibit 1 in a manner that informs the public while simultaneously protecting APS's interests.

**C.      Specific Reasons Why the Documents Should Be Filed Under Seal**

The identified exhibit contains commercially sensitive and privileged information. Specifically, the exhibit and its attachments identify hourly rates charged by lawyers and professionals employed by APS's counsel which constitutes nonpublic, sensitive business information. Such information must be kept confidential because its disclosure could provide competitors with an unfair advantage in their efforts to compete, and therefore would be harmful. *See In re Knight*, 743 F.2d at 235 (stating that the district court should consider "whether the records are sought for improper purposes, such as . . . unfairly gaining a business advantage"). Further, the time entries contain privileged information, such as specific descriptions of services rendered and litigation strategies. This privileged information should likewise be protected from disclosure. *See, e.g.*, *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982). In sum, the potential harms that could be suffered by APS and its counsel far outweigh any prejudice to the general public caused by nondisclosure of a limited amount of information.

**CONCLUSION**

For the foregoing reasons, APS respectfully requests that the Court grant its Motion to File Documents under Seal.

Respectfully submitted this 28th day of June, 2013.

Respectfully submitted,

AutoPartSource LLC

_____/s/_____
By Counsel

Rodney A. Satterwhite (VSB # 32907)
rsatterwhite@mcguirewoods.com
Robyn Suzanne Gray (VSB #45418)
rgray@mcguirewoods.com
McGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Tel:  804-775-1000
Fax:  804-775-1061

*Counsel for Plaintiff AutoPartSource LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of June, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that a true copy of the foregoing was served, via Federal Express, upon:

Stephen C. Bruton
2684 Shellgate Circle
Hayward, California  94545

and

William A. Sumpter, Registered Agent
 for BBH Source Group LLC
13800 Nuttree Woods Lane
Midlothian, VA  23112-0000


_____/s/_____
Rodney A. Satterwhite (VSB # 32907)
rsatterwhite@mcguirewoods.com
Robyn Suzanne Gray (VSB #45418)
rgray@mcguirewoods.com
McGUIREWOODS LLP
One James Center
901 E. Cary Street
Richmond, VA 23219
Tel:  804-775-1000
Fax:  804-775-1061

*Counsel for Plaintiff AutoPartSource LLC*

5